IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv23

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| 318 JODY STREET, EAST FLAT ROCK, HENDERSON COUNTY, NORTH CAROLINA, as described in Deed Book 851 at Page 485 in the Henderson County Registry, being real property, approximately .34 acres, together with the residence, and all appurtenances, improvements, and attachments thereon, et al., | ) | |
| | ) | |
|     Defendant. | ) | |

Pending before the Court is the Motion to Stay [# 7]. Claimants move pursuant to 18 U.S.C. § 981(g)(2) to stay this civil forfeiture proceeding. The Court **DENIES without prejudice** the Motion to Stay [# 7].

**I.    Analysis**

Section 981(g)(2) provides that upon the filing of a motion by a claimant, the Court shall stay a civil forfeiture proceeding where: (1) the claimant is the subject of a related criminal case or investigation; (2); the claimant has standing to assert a claim in the civil forfeiture proceeding; and (3) the continuation of the

forfeiture proceeding would burden the right of the claimant against self-incrimination in the related criminal case. 18 U.S.C. § 981(g)(2). The statute further defines what constitutes a related criminal case or related criminal investigation:

> In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4); see also United States v. Approximately $345,762.38, No. 3:09cv385, 2009 WL 3230608 (W.D.N.C. Oct. 1, 2009) (Keesler, Mag. J.).

Claimants have failed to demonstrate that a stay pursuant to Section 981(g)(2) is warranted in this case. In fact, aside from a list of pending criminal cases in Henderson County, North Carolina criminal court, Claimants have failed to demonstrate that they satisfy the requirements of Section 981. Claimants' two sentence motion and the record before the Court are insufficient for the Court to conclude that a stay is warranted in this case. Claimants may file a renewed motion by filing a motion and supporting brief in this Court setting forth facts demonstrating that a stay is warranted pursuant to Section 981.

## II. Conclusion

The Court **DENIES without prejudice** the Motion to Stay [# 7].

Signed: March 31, 2015

Dennis L. Howell
United States Magistrate Judge