# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15cv23

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **318 JODY STREET, EAST FLAT** ) | |
| **ROCK, HENDERSON COUNTY,** ) | |
| **NORTH CAROLINA, as described in** ) | |
| **Deed Book 851 at Page 485 in the** ) | |
| **Henderson County Registry, being real** ) | |
| **property, approximately .34 acres,** ) | |
| **together with the residence, and all** ) | |
| **appurtenances, improvements, and** ) | |
| **attachments thereon, et al.,** ) | |
| ) | |
|     **Defendant.** ) | |
| _____ ) | |

Pending before the Court is the Amended Motion to Stay [# 11]. Claimants move pursuant to 18 U.S.C. § 981(g)(2) to stay this civil forfeiture proceeding. The Court **GRANTS** the Motion to Stay [# 11].

    **I.**    **Analysis**

Section 981(g)(2) provides that upon the filing of a motion by a claimant, the Court shall stay a civil forfeiture proceeding where: (1) the claimant is the subject of a related criminal case or investigation; (2); the claimant has standing to assert a claim in the civil forfeiture proceeding; and (3) the continuation of the

forfeiture proceeding would burden the right of the claimant against self-incrimination in the related criminal case. 18 U.S.C. § 981(g)(2).  The statute further defines what constitutes a related criminal case or related criminal investigation:

> In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made.  In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4); see also United States v. Approximately $345,762.38, No. 3:09cv385, 2009 WL 3230608 (W.D.N.C. Oct. 1, 2009)  (Keesler, Mag. J.).

Upon a review of the record in this case, the Court finds that a related criminal case is currently ongoing that involves similar facts, witnesses, and circumstances to this civil forfeiture proceeding.   Moreover, Claimants have standing to assert a claim in these forfeiture proceedings.  Finally, a stay of these proceedings is warranted pursuant to Section 981(g) because civil discovery, will burden Claimants' rights against self-incrimination in the related criminal cases.  See 18 U.S.C. § 981(g)(2).   The Court, therefore, **GRANTS** the Amended Motion to Stay [# 11] and **STAYS** these proceedings for 90 days.  After the expiration of the 90 day period, the stay shall automatically dissolve unless the Government or Claimants can show by motion (accompanied by a status report) reasons why the

stay should not be lifted.

## II. Conclusion

The Court **GRANTS** the Amended Motion to Stay [# 11]. The Court **STAYS** these proceedings for 90 days. After the expiration of 90 days, the stay shall automatically dissolve unless the Government or Claimants can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

Signed: April 24, 2015

Dennis L. Howell
United States Magistrate Judge